**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt.loker@loker.law
Andrei Armas, Esq. (299703)
andrei.armas@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

*Attorney for Plaintiff,*
James Brian DeShazor

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**JAMES BRIAN DESHAZOR,**

Plaintiff,

v.

**JPMORGAN CHASE, NATIONAL ASSOCIATION,**

Defendant.

**Case No.:**

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. § 1693, ET SEQ.**

**JURY TRIAL DEMANDED**

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## INTRODUCTION

1. The stated purpose of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA"), is to "provide a basic framework establishing the rights, liability, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). EFTA's "primary objection…is the provision of individual consumer rights." *Id*. The language of EFTA indicates that the consumer protection measures contemplated by it are aimed at promoting disclosure, preventing fraud, and allocating liability. *Id*., at 1693d-1.
2. Plaintiff JAMES BRIAN DESHAZOR ("Plaintiff"), by and through his counsel, brings this action to hold JPMORGAN CHASE, NATIONAL ASSOCIATION ("Defendant" and/or "Chase") accountable for unauthorized electronic funds transfers (collectively, this paragraph all other subsequent paragraphs are referred to as the "Complaint").
3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.
4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction is established pursuant to federal question jurisdiction under 28 U.S.C. § 1331. Specifically, this action arises out of Defendant's violations of the EFTA.
6. Personal jurisdiction is established because, at all times relevant, Defendant conducted business within the County of Los Angeles and in the State of California, and for the reasons described above and below.
7. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the

Plaintiff resides in this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business in this judicial district at all times relevant.

**PARTIES**

8. Plaintiff is a natural person who resides in Los Angeles County, State of California, and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).
9. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1693a(6) and C.F.R. § § 205.2(e).
10. Defendant is a national banking association providing financial services to consumers, including Plaintiff.
11. Defendant is a "person" and "financial institution" as the term is defined by 15 U.S.C. § 1693a(9) and C.F.R. § § 205.2(i) and (j), respectively.
12. Unless otherwise indicated, the use of Defendant name in this Complaint includes its/their respective agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as though fully stated herein.
14. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.
15. On or around October 7, 2025, Plaintiff incurred four unauthorized ATM cash withdrawals on his Chase deposit account ending in 9380 (the "Account"), using a debit card ending in 2611 (the "Card").
16. The unauthorized ATM withdrawals were in the amounts of $300, $100, $300, and $300, for a total of $1,000 (collectively, the "Unauthorized Withdrawals").
17. Plaintiff did not make, authorize, initiate, or benefit from the Unauthorized

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

Withdrawals, and Plaintiff did not provide permission to any other person to use the Card or otherwise access the Account to conduct the Unauthorized Withdrawals.

18. Shortly thereafter, and well within the 60-day period required under the Electronic Fund Transfer Act ("EFTA") to dispute an unauthorized transaction, Plaintiff reported the Unauthorized Withdrawals to Defendant and disputed them as unauthorized.

19. In connection with Plaintiff's dispute, Defendant was informed that Plaintiff contends he was not present to conduct the Unauthorized Withdrawals and has corroborating alibi testimony, including: (1) Plaintiff's employer; and (2) a colleague.

20. Despite Plaintiff's timely report and dispute, on or around October 11, 2025, Defendant sent Plaintiff a denial letter stating: "We found that the transaction(s) was processed according to the information you provided or was authorized."

21. Defendant's denial failed to provide Plaintiff with a meaningful explanation supported by a reasonable investigation demonstrating that the Unauthorized Withdrawals were authorized.

22. Through this conduct, Defendant failed to conduct a reasonable and timely investigation and knowingly denied Plaintiff's claim without adequate justification.

23. More specifically, Defendant should have discovered from its own records, including Plaintiff's testimony and investigative materials, that the transactions at issue were unauthorized and fraudulent.

24. Defendant did not have a reasonable basis for believing that Plaintiff's Account was not in error.

25. Defendant knowingly and willfully concluded that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

evidence available to Defendant at the time of its respective investigations.

26. Throughout its investigations Defendant did not provide any provisional credits.

27. Through this conduct, Defendant violated 15 U.S.C. § 1693f.

28. Through this conduct, Defendant violated 15 U.S.C. § 1693g.

29. The abovementioned transaction was an "unauthorized electronic fund transfer" as defined by 15 U.S.C. § 1693a(12); and, 12 C.F.R. 1005.2(m), respectively and as detailed above.

30. The abovementioned transaction concern an "account" and "electronic fund transfer" via an "accepted card other means of access" and/or "access device" as the terms are defined by 15 U.S.C. § 1693a(1)(2) and (7) and C.F.R. § § 205.2(a)(b) and (g), respectively and as detailed above.

31. Since Plaintiff's efforts to be absolved of the unauthorized fraudulent transactions were initially unsuccessful and therefore incurred additional actual damages, Plaintiff was required to bring this action to finally resolve Plaintiff's dispute.

32. Defendant's conduct was the proximate and foreseeable cause of substantial harm to Plaintiff, and Plaintiff has suffered, and continues to suffer and incur special and general damages, to be determined at trial.

33. Claimant's damages includes (but is not limited to) substantial stress; emotional distress; mental suffering; loss of enjoyment of life; inconvenience; grief; anxiety; worry; humiliation and embarrassment; loss of confidence in managing his accounts; and fear that institutions in the future will not protect him from similar, future financial exploitation and catastrophe.

34. Defendant's conduct was a substantial factor in causing the foregoing harm which Plaintiff has suffered and continues to suffer.

35. Based on the above, Plaintiff alleges that Defendant is guilty of recklessness,

oppression, fraud, or malice through its actions.

36. Plaintiff contends that punitive damages are warranted because Defendant acted with willful disregard for his rights, knowingly ignored his repeated disputes, and maintained systemic policies and procedures that placed consumers at an unfair disadvantage when attempting to contest unauthorized charges.

37. Further, as a direct and proximate result of Defendant's misconduct, and its failure to refund or credit the lost funds, Plaintiff has incurred and will continue to incur attorneys' fees and litigation expenses in an amount to be proven at trial. Defendant therefore seeks to recover any and all remedies permitted by law, including attorneys' fees and expenses.

38. Any and all violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## COUNT I

## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT 15 U.S.C. §§ 1693, ET SEQ.

## [AGAINST ALL DEFENDANTS]

39. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as though fully stated herein.

40. Plaintiff submitted a timely dispute regarding an unauthorized electronic fund transfer.

41. Defendant failed to provisionally recredit Plaintiff's Account within 10 business days as required by 15 U.S.C. § 1693f(c).

42. Defendant failed to conduct a reasonable investigation and wrongfully denied Plaintiff's claim, in violation of 15 U.S.C. § 1693f(f).

43. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

44. As a result of each and every violation of EFTA, Plaintiff is entitled to any actual damages, inclusive of emotional damages, pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

45. Defendant acted knowingly and willfully, warranting treble damages under 15 U.S.C. § 1693f(e).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages, inclusive of emotional damages, pursuant to 15 U.S.C. § 1693m(a)(1) for Plaintiff;
- An award of treble damages pursuant to 15 U.S.C. § 1693f(e);
- An award of statutory damages of no less than $100 nor greater than $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A) for Plaintiff;
- An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3);
- Punitive damages where available.
- Interest where available;
- Any and all other relief the Court deems just and proper.

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## TRIAL BY JURY

46. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 3, 2026

Respectfully submitted,

**LOKER LAW, APC**

By: ___/s/ Andrei Armas, Esq.___

ANDREI ARMAS, ESQ.
ATTORNEY FOR PLAINTIFF
JAMES BRIAN DESHAZOR

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420